UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
(at London)

| | | |
|---|---|---|
| ROBERT JOYNER, | ) | |
| | ) | |
| Petitioner, | ) | Civil Action No. 6: 12-246-DCR |
| | ) | |
| V. | ) | |
| | ) | |
| SHANNON WITHERS, Acting Warden, | ) | **MEMORANDUM OPINION** |
| | ) | **AND ORDER** |
| Respondent. | ) | |

\*\*\*    \*\*\*    \*\*\*    \*\*\*

Robert Joyner is a prisoner confined at the United States Penitentiary - McCreary in Pine

Knot, Kentucky.[1]  Proceeding without an attorney, Joyner filed a petition for a writ of habeas

corpus pursuant to 28 U.S.C. § 2241, challenging his federal conviction and sentence.  [Record

No. 1]  Having reviewed his petition, the Court will deny the relief sought.

In conducting the initial review of a habeas petition, the Court must deny the petition "if

it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to

relief." *See* 28 U.S.C. § 2243; Rule 4 of the Rules Governing § 2254 Cases in the United States

District Courts (applicable to § 2241 petitions under Rule 1(b)).  Because Joyner is not

represented by an attorney, the Court evaluates his petition under a more lenient standard.

*Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Burton v. Jones*, 321 F.3d 569, 573 (6th Cir. 2003).

---

[1]  When Joyner filed this proceeding, J. C. Holland was the Warden of USP – McCreary.  The
current Acting Warden of USP-McCreary is Shannon Withers.  Accordingly, the Clerk of the Court
will be directed to substitute Shannon Withers as the Respondent in this proceeding.

At this stage, the Court accepts Joyner's factual allegations as true, and construes his legal claims in his favor. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007).

## I.

On August 23, 2006, Joyner was found guilty following a jury trial of possession with intent to distribute fifty grams or more of cocaine base ("crack" cocaine), a Schedule II controlled substance, in violation of 21 U.S.C. § 841(a) and (b). [*See United States v. Robert Joyner*, No. 3: 06-cr-16-MBS (D. S.C. 2006), Record No. 65.] He was sentenced on November 6, 2006, and received a life term of imprisonment.[2]  [*Id.* at Record No. 74.] Joyner's conviction was affirmed on appeal. *United States v. Robert Joyner*, No. 06-5193 (4th Cir. Aug. 15, 2007).

On July 16, 2008, Joyner filed a motion to vacate, set aside, or correct sentence, pursuant to 28 U.S.C. § 2255.  That motion was denied on July 26, 2010. [*Joyner*, No. 3: 06-cr-16-MBS, Record Nos. 93, 129.]  On September 17, 2012, Joyner filed a second § 2255 motion; however, on December 17, 2012, he moved to withdraw that motion. [*Id.* at Record Nos. 139, 147.]  The district court granted the motion to withdraw. [*Id.* at Record No. 148.]

## II.

Joyner filed the current petition pursuant to 28 U.S.C. § 2241 on December 17, 2012.  He contends that he is "actually innocent" of his underlying conviction.  Joyner also asserts that, because he is innocent, his resulting enhanced sentence under 21 U.S.C. § 851 was unlawful.

_____

[2]  Prior to trial, the United States filed an Information Regarding Imposition of Enhanced Sentence of Imprisonment, putting Joyner on notice that he was subject to increased penalties under pursuant to 21 U.S.C. § 851(a) due to three prior drug convictions. [*See Joyner*, No. 3: 06-cr-16-MBS, Record No. 27.]

Joyner argues that his "actual innocence" claim was not available at the time he filed his first §

2255 motion, and that it was not until *Lafler v. Cooper*, 132 S. Ct. 1376 (2012), *Missouri v. Frye*,

132 S.Ct. 1399 (2012)*, and *DePierre v. United States*, 131 S. Ct. 2225 (2011), that such claims

were clarified and recognized.   Joyner contends that the Anti-terrorism and Effective Death

Penalty Act of 1996 ("AEDPA") bars him from presenting his actual innocence claim to the trial

court in a successive § 2255 motion.  Therefore, under the "savings clause" of 28 U.S.C. § 2255,

Joyner claims that he is entitled  to proceed with this claim in a § 2241 habeas petition.  He

requests that his conviction be reversed and that he be released from confinement, or

alternatively, that he be permitted to enter a new plea.  [Record No. 1, p. 8]

**III.**

Joyner is not challenging any aspect of the execution of his sentence which fall under the

purview of § 2241, such as the computation of sentence credits or parole eligibility.  *See, e.g.,*

*United States v. Jalili*, 925 F.2d 889, 894 (6th Cir. 1999).  Instead, He appears to claim that his

underlying drug conviction is unconstitutional because he is actually innocent of that offense

and, therefore, the district court erred by imposing an enhanced sentence.  However, § 2241 is

not the mechanism for asserting such a claim.  Instead, § 2255(a) provides the primary avenue

for federal prisoners seeking relief due to an unlawful conviction or sentence and is the

mechanism for collaterally challenging errors that occurred at or prior to sentencing.  *Terrell*

*v. United States*, 564 F.3d 442, 447 (6th Cir. 2009); *Eaves v. United States*, No. 4: 07-CR-12,

2010 WL 3283018, at *6 (E.D. Tenn. Aug. 17, 2010).

The "savings clause" in § 2255(e) provides a narrow exception to this rule.  Under this provision, a prisoner may challenge the legality of his conviction through a § 2241 petition if the remedy under § 2255 "is inadequate or ineffective" to test the legality of his detention.  28 U.S.C. § 2255(e).  A prisoner may only take advantage of this provision where, after his conviction has become final, the Supreme Court re-interprets the terms of the statute petitioner was convicted of violating in such a way that the petitioner's actions did not violate the statute. *Martin v. Perez*, 319 F.3d 799, 804 (6th Cir. 2003) ("A prisoner who can show that an intervening change in the law establishes his actual innocence can invoke the savings clause of § 2255 and proceed under § 2241."); *see also Lott v. Davis*, 105 F. App'x 13, 14-15 (6th Cir. 2004).  However, this exception does not apply where the prisoner failed to seize an earlier opportunity to correct a fundamental defect in his conviction under pre-existing law, or did assert his claim in a prior post-conviction motion under § 2255 but was denied relief.  *Charles v. Chandler*, 180 F.3d 753, 756 (6th Cir. 1999).

It appears that Joyner may be claiming that, while he was not charged with conspiring to distribute cocaine base, the district court sentenced him as though he had been charged with and convicted of such an offense in violation of the Fifth Amendment's due process clause.  If, in fact, this is Joyner's argument, it is without merit.  Joyner's indictment clearly charged him with possession of "cocaine base (commonly known as "crack cocaine")." [*See Joyner*, No. 3: 06-16-MBS, Record No. 2.]  In *DePierre*, the Supreme Court held that the term "cocaine base" as used in 21 U.S.C. § 841(b)(1) refers not just to crack cocaine, but to *all* cocaine in its base form.  131

S. Ct. at 2231-32.  Thus, Joyner's reliance on *DePierre* is misplaced and it provides no support for his argument.

*Lafler* and *Frye* concern Sixth Amendment violations due to ineffective assistance of counsel.  In his first § 2255 motion, Joyner claimed that he was denied effective assistance of counsel both at trial and on appeal.  On July 26, 2010, the trial court found no merit to those claims.  [*Joyner*, No. 3: 06-16-MBS, Record No. 129, p. 18]  However, since the trial court's decision predates the Supreme Court's holdings in *Lafler* and *Frye*, the Court will consider whether either of these decisions support his Sixth Amendment claims.

In *Frye*, the Supreme Court held that defense counsel has the duty to communicate formal offers from the prosecution to accept a plea on terms that may be favorable to the accused, prior to the offer's expiration. 132 S. Ct. at 1408.  The *Frye* Court opined that counsel's failure to inform a defendant of a written plea offer before it expired satisfies the deficient performance prong of the standard outlined in *Strickland v. Washington*, 466 U.S. 668 (1986).  *Frye*, 132 S. Ct. at 1411.  The Court further held that to, show prejudice from ineffective assistance of counsel where a plea offer has lapsed or been rejected because of counsel's deficient performance, a defendant must demonstrate a reasonable probability that he would have accepted the earlier plea offer had he received effective assistance of counsel.  *Id.*  Additionally, he must demonstrate a reasonable probability that the plea would have been entered without the prosecution canceling it or the trial court refusing to accept the agreement.  *Id*.

In *Lafler*, the defendant went to trial rather than accept a plea deal as a result of ineffective assistance of counsel during the plea negotiation process.  132 S. Ct. at 1386.  The

defendant received a substantially more severe sentence at trial than he likely would have received by pleading guilty. *Id*. The Court held that the proper remedy to cure the ineffective assistance of counsel was to order the prosecution to renew the plea offer and allow the state trial court to exercise its discretion in determining whether to vacate the convictions and resentence the respondent pursuant to the offer, vacate only some of the convictions and resentence the respondent, or leave the convictions and sentence from trial undisturbed. *Id*. at 1391.

*Frye* and *Lafler* do not support Joyner's Sixth Amendment claims because they are factually inapposite to the facts of his case. Moreover, even if these cases were similar to Joyner's case, neither applies retroactively to cases on collateral review, such as Joyner's § 2241 petition. Five circuits have now ruled that because *Frye* and *Lafler* do not announce a new constitutional rule justifying a second or subsequent § 2255 petition, they are not retroactively applicable to cases on collateral review. *See Buenrostro v. United States*, 697 F.3d 1137, 1140 (9th Cir. 2012) (holding that in *Frye* and *Lafler*, the Supreme Court merely applied the Sixth Amendment right to effective assistance of counsel under *Strickland* in the plea-bargaining context under established law, and that "these cases did not break new ground or impose a new obligation on the State or Federal Government"); *In re King*, 697 F.3d 1189 (5th Cir. 2012); *Hare v. United States*, 688 F.3d 878, 879 (7th Cir. 2012); *In re Perez*, 682 F.3d 930, 932-33 (11th Cir. 2012); *In re Graham*, No. 13-3082, 2013 WL 1736588, at *1 (10th Cir. Apr. 23, 2013) (substantially agreeing with approaches taken in *Buenrosto*, *In re King*, and *Hare*).

Finally, to the extent that Joyner claims that he is actually innocent of his sentencing enhancement, *i.e.*, that the enhanced prison sentence he is currently serving violates the Fifth

and/or Sixth Amendments, he cannot proceed with that claim in a § 2241 petition. *See Jones v. Castillo*, No. 10-5376, 2012 WL 2947933, at *1 (6th Cir. July 20, 2012) ("Claims alleging 'actual innocence' of a sentencing enhancement cannot be raised under § 2241."). The savings clause of § 2255 extends only to petitioners asserting a claim of actual innocence regarding their *convictions*, not their sentences. *See Peterman*, 249 F.3d at 462; *Marrero v. Ives*, 682 F.3d 1190, 1193 (9th Cir. 2012).

This Court has rejected similar claims brought by § 2241 petitioners alleging improper sentence enhancements based upon prior state convictions, and the Sixth Circuit has approved that approach. *See Mackey v. Berkebile*, No. 7:12-CV-10-KSF, 2012 WL 4433316 (E.D. Ky. Sept. 25, 2012), *aff'd*, No. 12-6202 (6th Cir. March 15, 2013) (stating that allegations of sentencing errors do not qualify as claims of actual innocence under the savings clause); *Thornton v. Ives*, No. 6:11-CV-35-GFVT, 2011 WL 4586917, at *3 (E.D. Ky. Sept. 29, 2011), *aff'd*, No. 12-5051 (6th Cir. Sept. 11, 2012) (same); *Johnson v. Cauley*, No. 09-52-HRW (E.D. Ky. 2009), *aff'd*, No. 09-5991 (6th Cir. July 9, 2010) (same).

Joyner's claims under *DePierre*, *Lafler,* and *Frye* do not fall within this exception. Unlike *Bailey v. United States*, 516 U.S. 137 (1995), which narrowed the scope of conduct proscribed by the statute of conviction, the Supreme Court in *DePierre* expressly refused to limit the scope of Section 841(b)(1) to "crack" cocaine. Instead, the Court reaffirmed its broad application to all forms of "cocaine base." *DePierre*, 131 S. Ct. at 2232. Thus, unlike *Bailey*, *DePierre* did not create a new class of prisoners who "found themselves actually innocent, yet procedurally barred from filing a § 2255 motion because the Supreme Court had announced a

new statutory interpretation, rather than a new retroactive rule of constitutional law." *Lott*, 105

F. App'x at 15. Because "the *DePierre* decision did not de-criminalize the conduct for which

he was convicted [a petitioner cannot] satisf[y] the requirements of § 2255's savings clause."

*Biggins v. Haynes*, No. CV212-024, 2012 WL 2254588, at *3 (S.D. Ga. May 8, 2012).

Further, *DePierre* is not retroactively applicable to cases on collateral review. *Hughes*

*v. United States*, 3:08-CR-106-S, 2012 WL 3947606 at *1 (W.D. Ky. Sept. 10, 2012); *United*

*States v. Crump*, No. 7:06-CR-7-1, 2012 WL 604140, at *2 (W.D. Va. Feb. 24, 2012). The two

federal appellate courts that have addressed this issue have held that claims predicated upon

*DePierre* are not cognizable in habeas petitions filed under § 2241. *Wilson v. United States*, 475

F. App'x 530 (5th Cir. 2012); *Fields v. Warden, FCC Coleman-USP 1*, No. 11-14997, 2012 WL

2924020, at *2 (11th Cir. July 19, 2012).

### IV.

Joyner may not proceed with his claims challenging either his underlying drug conviction

or his sentence that was enhanced due to his three prior drug convictions. Accordingly, it is

hereby

**ORDERED** as follows:

1.      The Clerk of the Court shall substitute Shannon Withers, the Acting Warden of

USP-McCreary, as the respondent to this proceeding, in place of former Warden J. C. Holland.

2.      Joyner's petition for a writ of habeas corpus [Record No. 1] is **DENIED**.

3.      This action is **DISMISSED** and **STRICKEN** from the Court's docket.

4.      Judgment shall be entered this date in favor of the Respondent.

This 30th day of May, 2013.

 **Signed By:**

*__Danny C. Reeves__* $\mathcal{DCR}$

**United States District Judge**